Appeal by employer and carrier from a decision and award of the Workmen’s Compensation Board. Claimant was employed in a spring manufacturing plant. His work was to take castings from a conveyor when they had been passed through a tank of water to cool them after furnace treatment, and pile the castings on a truck. He testified in very general terms that in this work he got wet. There is no clear presentation in the record of the *1068 extent and frequency of the wetting. Claimant speaks Arabian and there were language difficulties encountered in the taking of his testimony, but with the need for his being wet in connection with his work in sharp dispute, there should be a definite presentation in the record of the extent and frequency of the Wetting and of the area of the body affected as the claimant contends the facts were. This presentation ought to be aided by a competent interpreter. Upon very fragmentary testimony the board has found that it was “ frequently necessary ” for claimant to place his arm into water up to his shoulder and that he was “ constantly ” wet on his left shoulder, arm and abdomen. These conclusions are not fairly supported by substantial evidence in this record. The board found that as a result of this wetting claimant suffered from neuritis of the left brachial plexus, an occupational disease. There is no medical opinion here that claimant suffered from this disease. There is a notation in the hospital record of an “ impression ” by the physician who examined claimant on admission that he had this disease; but neither this physician nor any other testified to an opinion, or reported a diagnosis, of the existence of this disease; and the physician who was called to interpret the record, and who also had examined claimant, stated that in his opinion the progress of the claimant showed that he did not have this disease. Moreover, there was no testimony by any physician that neuritis of the left brachial plexus could be caused by this or any other exposure to water. There is some vague medical testimony not related in any way to the occupational disease found, that symptoms of pain might supposedly or possibly be related to wetting which might aggravate “ existing conditions.” Symptoms of pain or “ existing conditions ” have not been shown here to be an occupational disease. Both in respect of the existence of the occupational disease found, or of another occupational disease, if there is one, and in respect of the association of such a disease with the employment, the record does not presently support the findings made. Decision and award reversed, and the claim remitted to the Workmen’s Compensation Board for such further proceedings as it may be advised, with costs against the Workmen’s Compensation Board. Foster, P. J., Brewster, Deyo and Bergan, JJ., concur; Ileffernan, J., dissents and votes to affirm the award.